# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LARRY COLE,

        Plaintiff,

vs.

CIBOLA COUNTY BOARD OF COUNTY COMMMISSIONERS,
in their individual and official capacities,

CIBOLA COUNTY CORRECTIONAL FACILITY,

CORECIVIC, INC.,
a foreign corporation registered in New Mexico,

CORECIVIC OF TENNESSEE, LLC,
a foreign corporation registered in New Mexico,

JOHN DOE MEDICAL SERVICES CORPORATION FOR CIBOLA COUNTY CORRECTIONAL FACILITY,

JOHN DOE WARDEN OF CIBOLA COUNTY CORRECTIONAL FACILITY,
in his individual and official capacities,

JOHN DOE GUARDS OF CIBOLA COUNTY CORRECTIONAL FACILITY,
in their individual and official capacities, and

JOHN DOE MEDICAL PROVIDERS OF CIBOLA COUNTY CORRECTIONAL FACILITY,
in their individual and official capacities,

        Defendants.

No. 23-cv-00137-GBW-JHR

## DEFENDANTS' MOTION TO DISMISS

Defendants, CoreCivic, Inc., CoreCivic of Tennessee, LLC (collectively, "CoreCivic"), and Cibola County Board of County Commissioners ("Cibola County") (collectively, "Defendants"), move to dismiss all claims asserted against them in Plaintiff, Larry Cole's ("Plaintiff"), Complaint pursuant to Federal Rule of Civil Procedure

12(b)(6) for failure to state a claim upon which relief may be granted.[1] Defendants' Motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     Factual Background**

At all times relevant to the Complaint, Plaintiff alleges that he was an inmate at CoreCivic's Cibola County Correctional Center ("CCCC") in Milan, New Mexico. (Dkt. 1-03 at ¶¶ 2, 15.) Plaintiff alleges during his incarceration he suffered two separate slip and fall injuries on unspecified dates due to flooding at the facility. (Id. at ¶ 16.) Plaintiff alleges he complained to "staff" at CCCC "about pain and other symptoms that resulted from his slip and falls," but he does not identify any specific employees by name or position at the facility. (Id. at ¶ 17.) Plaintiff admits he was provided a medical examination and was prescribed Gabapentin, Ibuprofen, and Flexeril for pain related to his injuries, but claims he required "more complex medical services," such as an MRI, that he was apparently not provided. (Id. at ¶¶ 18–20.) Plaintiff claims, however, that despite not being provided an MRI, an unidentified facility physician told him she had a "torn disc" in his spine and "may need spine surgery." (Id. at ¶¶ 21–22.)

Plaintiff further alleges that he was unable to ambulate at unspecified times during his incarceration and he had to be carried to the restroom, shower, and phones by other inmates. (Id. at ¶ 23–24.) Plaintiff also alleges there were times he was unable to take his prescribed medication due to being unable to walk. (Id. at ¶ 26.) Plaintiff alleges that he complained of these issues to "staff" at CCCC, but again does not identify any specific

---

[1] CoreCivic owns and operates Cibola County Correctional Center ("CCCC") and is responsible for all facility operations. Cibola County is not involved in any facility operations, nor does Cibola County staff any employees within CCCC. The Court should dismiss Plaintiff's claims against Cibola County for the same reasons it should dismiss the claims against CoreCivic.

employees by name or positions. (Id. at ¶¶ 23, 27.) Plaintiff fails to allege that either CoreCivic or its employees were aware of these incidents. (Id. at ¶¶ 24–38.)

Plaintiff also alleges an unidentified facility physician recommended that he use a wheelchair, but that unidentified staff denied him the use of the wheelchair. (Id. at ¶¶ 28–29.) He also alleges the facility was no wheelchair-accessible, although he fails to allege he was injured as a result of this alleged inaccessibility. (Id. at ¶ 30.)

Finally, Plaintiff alleges his requests for outside medical evaluation and treatment as recommended by the unidentified facility physician were denied. (Id. at ¶ 31.) Plaintiff fails, however, to allege what those requests were, when he made them, who he made them to, who denied them, or how they were denied (e.g., whether they were explicitly denied or simply did not occur as requested). (Id. at ¶¶ 17–38.)

Plaintiff filed his Complaint on February 22, 2022, in the Fifth Judicial District Court for the State of New Mexico, County of Chaves, against Defendants CoreCivic and Cibola County alleging (1) § 1983 Violations of the Fourth, Sixth, Eighth and Fourteenth Amendments; (2) § 1983 Failure to Supervise; and (3) § 1983 Failure to Train. (Dkt. 1-03 at ¶ 39.) Plaintiff failed to serve the Complaint or otherwise prosecute his claims for over six months after filing. (Dkt. 1-04 at 3.)

On August 31, 2022, the New Mexico state court dismissed the matter for lack of prosecution but allowed Plaintiff 30 days to file a Motion to Reinstate. (Id.) Plaintiff filed his Motion for Reinstatement on September 29, 2022. (Id. at 4–6.) The Court issued an order granting the Motion for Reinstatement on October 26, 2022, which directed Plaintiff to serve all named defendants within one week of the date of that order, or risk dismissal of the case. (Id. at 7–8.) Plaintiff attempted to serve Defendant Cibola County on November 7, 2022, but Plaintiff improperly served the County Manager and not the County Clerk as required by NMRA Rule 1-004(H)(1)(f). (Id. at 10–13; Dkt. 1 at ¶ 4, f.n.

1.) On November 8, 2022, the CoreCivic Defendants were properly served by personal service on their statutory agent. (Id. at 14–21.) Counsel for Defendants agreed to accept service on behalf of Cibola County on January 30, 2023 to cure the defects with service and allow the case to proceed. (Dkt. 1 at ¶ 4.) Defendants removed this matter from the Fifth Judicial District Court for the State of New Mexico, County of Chaves, to this Court on February 14, 2023. (Id. at 1–3) Defendants now move to dismiss all claims in Plaintiff's Complaint for failure to state a claim.

II.     **Plaintiff's Complaint Fails to State a Claim for Relief.**

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The complaint's sufficiency is a question of law, and a court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the nonmoving party, and draw all reasonable inferences in the plaintiff's favor. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (1986)).

To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face." *Id.* at 678. Plausibility, though not akin to a "probability requirement," is more than a "sheer possibility that a defendant has acted unlawfully." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A

complaint that contains facts that are "merely consistent" with a defendant's liability "stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotations omitted).

### A. Plaintiff's Fourth and Sixth Amendment Claims Fail.

Plaintiff alleges that "his constitutional right to be free from cruel and unusual punishment was violated under" the Fourth Amendment and Sixth Amendment through Defendants' alleged medical neglect of Plaintiff. (Dkt. 1-03 at ¶ 39.) The Fourth Amendment states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. Nothing in the language of the Fourth Amendment provides protections for incarcerated persons regarding conditions of confinement generally, or regarding medical care specifically.

The Sixth Amendment states:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI. Similar to the Fourth Amendment, nothing in the language of the Sixth Amendment provides protections for incarcerated persons regarding conditions of confinement or medical care.

Plaintiff has not alleged any facts that, if true, would show that his constitutional rights were violated under either the Fourth or Sixth Amendment. (Dkt. 1-03 at ¶ 39.) The Complaint is completely devoid of any allegations to support an argument that Plaintiff's constitutional rights under the Fourth and Sixth Amendment were violated by the alleged actions of any of the Defendants. (Id. at ¶¶ 1–39.) Therefore, these claims against Defendants should be dismissed.

### B. Plaintiff's Eighth and Fourteenth Amendment Claims (Count I) Fail.

#### 1. Plaintiff's Fourteenth Amendment Claim Is Duplicative and Unnecessary.

Where a particular Amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (internal quotations omitted); *see also Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1243 (10th Cir. 2003) (same).

Here, Plaintiff brought suit against all Defendants for the alleged "medical neglect" under both the Eighth and Fourteenth Amendments. (Dkt. 1-03 at ¶ 39.) Plaintiff asserts one conclusory paragraph under this claim to support both violations. (Id.) That paragraph does not clearly allege whether Plaintiff intends to bring a substantive due process claim under the Fourteenth Amendment, but there does not appear to be one alleged on the face of the Complaint. (Id.) However, because the Eighth Amendment provides an explicit textual source for Plaintiff's claims, the "more generalized" substantive due process analysis under the Fourteenth Amendment is inapplicable. Thus,

even if Plaintiff intended to raise a substantive due process claim under the Fourteenth Amendment, the Court should dismiss this claim against all Defendants as duplicative of his Eighth Amendment claim. *See Graham*, 490 U.S. at 395.

The Eighth Amendment proscribes "cruel and unusual punishments." U.S. Const. amend. VIII. This protection, however, "is limited." *Ingraham v. Wright*, 430 U.S. 651, 670 (1977). "After incarceration, only the 'unnecessary and wanton infliction of pain' constitutes cruel and unusual punishment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (quoting *Ingraham*, 430 U.S. at 670). "What is necessary to establish an 'unnecessary and wanton infliction of pain[]' … varies according to the nature of the alleged constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). For example, a prisoner alleging unconstitutional conditions of confinement must allege deliberate indifference to a "substantial risk of serious harm," *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); a prisoner alleging inadequate medical care must allege deliberate indifference to their "serious medical needs," *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); and a prisoner alleging excessive force must allege that the force was applied "maliciously and sadistically for the very purpose of causing harm," *Whitley*, 475 U.S. at 320–21.

Here, Plaintiff's single conclusory paragraph in support of his Eighth Amendment claim alleges inadequate medical care. (Dkt. 1-03 at ¶ 39.) This paragraph, however, fails to delineate any information for Defendants to discern the basis of the claim.

### 2. Plaintiff Fails to State a Claim Under the Eighth Amendment.

To state a claim for inadequate medical care, Plaintiff must allege deliberate indifference to serious medical needs. *See Estelle*, 429 U.S. at 104; *see also Sealock v. Colo.*, 218 F.3d 1205, 1209 (10th Cir. 2000). The test for "deliberate indifference" involves an objective prong and a subjective prong. *Id.*

To establish the objective prong, the plaintiff must show an objectively,

sufficiently serious medical need. *Farmer*, 511 U.S. at 834. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). A substantial risk of harm is sufficiently serious only if it is "sure or very likely to cause serious illness and needless suffering" or gives rise to "sufficiently imminent dangers" and "current unnecessary and wanton infliction of pain and suffering." *Helling v. McKinney*, 509 U.S. 25, 33–34 (1993).

To establish the subjective prong, a prison official must have a "sufficiently culpable state of mind." *Farmer*, 511 U.S 834. The official must act with "more than ordinary lack of due care for the prisoner's interests or safety." *Id.* at 835. Rather, the official must have acted with a subjectively culpable state of mind "akin to 'recklessness in the criminal law.'" *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006) (quoting *Farmer*, 511 U.S. at 837, 839).

Differences of opinion between a prisoner and medical staff do not constitute deliberate indifference to a serious medical need. *Johnson v. Stephan*, 6 F.3d 691, 692 (10th Cir. 1993). "[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kansas Dept. of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999).

Moreover, to impose liability against CoreCivic under § 1983, Plaintiff must identify a CoreCivic custom, policy, or practice that was the moving force behind the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978) (finding no respondeat superior liability under § 1983). The establishment of an underlying constitutional deprivation is a prerequisite to establishing *Monell* liability. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no

constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point.").

Plaintiff must therefore allege that (1) an underlying constitutional violation was committed by a CoreCivic employee and (2) a CoreCivic custom, policy, or practice was the "moving force" behind the underlying constitutional violation. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *Monell*, 436 U.S. at 694. Plaintiff must allege "a direct causal link between a [CoreCivic] policy or custom and the alleged constitutional deprivation." *Harris*, 489 U.S. at 385. "A single isolated incident does not prove the existence of an unconstitutional policy or custom." *Warner v. City of Roswell*, No. 2:20-cv-00321-RB-GJF, 2020 WL 5821044, at *3 (D.N.M. Sept. 30, 2020) (internal quotations and citation omitted).

Plaintiff's Complaint does none of this. Plaintiff sole allegation in his Complaint under Count I states in its entirety:

> Plaintiff alleges that his constitutional rights to be free from cruel and unusual punishment was violated under the 4th, 6th, 8th, and 14th Amendments by all Defendants in various forms of capacity, through their medical neglect of Plaintiff.

(Dkt. 1-03 at ¶ 39.) Plaintiff's bare assertions do not provide CoreCivic notice of the claim against it. *See Twombly*, 550 U.S. at 555 (stating that a complaint must give a defendant "fair notice" of the claims asserted against it and the basis of those claims).

Plaintiff's "Facts Common to All Counts" do not cure this. There, Plaintiff states that he "suffered two separate slip and fall injuries, including, but not limited to his back, due to flooding in the facility." (Dkt. 1-03, ¶ 16.) But Plaintiff fails to provide any other information about his alleged injury—e.g., specific details on the extent of his injury, how and where the slip and falls occurred, and/or when the injuries occurred. This

information is critical to determine whether Plaintiff suffered from a serious medical need. Plaintiff alleges that he was "diagnosed with a torn disc in his spine, amongst other injuries" and that the unidentified facility physician advised that he "may need spine surgery." (Id. at ¶¶ 21–22.) But even assuming Plaintiff's diagnosis constituted a serious medical need (which Defendants do not concede), Plaintiff has failed to allege facts showing the Defendants disregarded it.

Plaintiff also fails to allege that any CoreCivic employee was deliberately indifferent to his alleged injury. Specifically, he fails to allege that any CoreCivic employee knew of his alleged injury (either through Plaintiff bringing the injury to an employee's attention or through an employee observing the injury) and that the employee disregarded Plaintiff's need for medical treatment after becoming aware of the injury. First,, Plaintiff fails to identify any CCCC employee at all, merely referring to "staff" at CCCC. (Dkt. 1-03 at ¶¶ 17, 23, 27, 29.) This alone fails to state a claim because Plaintiff must identify "*who* is alleged to have done *what* to *whom*." *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (emphasis in original) (citation omitted) (affirming dismissal of inmate's claim that he was denied medical treatment because he failed to identify the specific individuals who denied him treatment).

Second, by Plaintiff's own admission, this is not a case in which Plaintiff received no care. Rather, Plaintiff admits he received medical treatment while incarcerated at CCCC, including a medical examination and prescription medication for his pain. (Dkt. 1-03, ¶¶ 18, 20.) And although he alleges the unidentified facility physician advised he "may need spine surgery," Plaintiff does not allege this surgery was actually necessary, and if so, when he would likely need it, let alone that he needed the surgery immediately but Defendants disregarded Plaintiff's need for the surgery and failed to provide him with it. (Id. at ¶ 22.) Even if Plaintiff believes this spine surgery should have occurred while

he was incarcerated at CCCC, a mere difference of opinion on the treatment Plaintiff wants or believes he should receive does not rise to the level of deliberate indifference. *See Perkins*, 165 F.3d at 811.

Finally, and equally fatal to Plaintiff's claim against CoreCivic, Plaintiff fails to identify any CoreCivic custom, policy, or practice that was the moving force behind any alleged constitutional violation. *See Monell*, 436 U.S. at 694. Plaintiff does not describe *what* the alleged policy was and/or the ways in which any such custom, policy, or practice *caused* him injury, and he cannot assert a claim against CoreCivic without this information. *See Monell*, 436 U.S. at 694. Plaintiff alleges only that CoreCivic failed to provide him medical care with regard to this particular injury, but "[a] single isolated incident does not prove the existence of an unconstitutional policy or custom." *Warner*, 2020 WL 5821044 at *3. The Court should dismiss Count I against all Defendants.

### C. Plaintiff's Failure to Supervise (Count II) and Failure to Train (Count III) Claims Fail.

"Plaintiffs who seek to impose liability on [corporations] under § 1983 must prove that 'action pursuant to official [corporate] policy' caused their injury." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (quoting *Monell*, 436 U.S. at 691). "[An entity's] culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick*, 563 U.S. at 61. Because claims based on a failure to train or supervise under § 1983 are "far more nebulous" than other policy-based claims, Plaintiff must show that an alleged failure to train or supervise amounted to "deliberate indifference to the rights of persons with whom the [untrained employee] came into contact." *Calvo-Pino v. Weidl*, 514 F. Supp. 3d 1321, 1327 (D. Kan. 2021) (quoting *Connick*, 563 U.S. at 61, and *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). Thus, Plaintiff must allege that CoreCivic had "actual or constructive notice that its action or failure to act [to train and supervise its employees] [was] substantially certain to result in

a constitutional violation, and it consciously or deliberately [chose] to disregard the risk of harm." *Waller v. City and County of Denver*, 932 F.3d 1277, 1284 (10th Cir. 2019) (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998)).

As discussed above, in order for Plaintiff to state a claim for relief under Counts II and III, Plaintiff must allege that: (1) an underlying constitutional violation was committed by a CoreCivic employee, and (2) a CoreCivic custom, policy, or practice was the "moving force" behind the underlying constitutional violation. *Harris*, 489 U.S. at 389; *Monell*, 436 U.S. at 694. Additionally, Plaintiff must allege a direct causal link between the identified CoreCivic policy or custom and the constitutional deprivation Plaintiff suffered. *Harris*, 489 U.S. at 385. And finally, Plaintiff must allege a pattern of similar constitutional violations by other CoreCivic employees, as one single isolated incident cannot prove the existence of an unconstitutional policy or custom. *Warner*, 2020 WL 5821044, at *3; *see also Calvo-Pino*, 514 F. Supp. 3d at 1327 ("Under the 'deliberate indifference' standard, '[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary.'") (quoting *Connick*, 563 U.S. at 62).

Plaintiff's Complaint fails to do any of this. First, Plaintiff has failed to identify any CoreCivic employees who were deliberately indifferent to his alleged injury—i.e., "*who* is alleged to have done *what* to *whom*." *Stone*, 338 F. App'x at 759 (emphasis in original) (citation omitted). Next, Plaintiff fails to allege that any such employees had the requisite culpable state of mind—i.e., that any particular CoreCivic employee knew of the risk of injury to Plaintiff and disregarded it—such that he cannot establish an underlying constitutional violation. *Farmer*, 511 U.S. at 837; *Heller*, 475 U.S. at 799.

Furthermore, Plaintiff fails to identify any CoreCivic customs, policies, or practices that were the moving force behind any such violation—i.e., customs, policies, or practices from which there is a direct causal link to the alleged violation. *Harris*, 489

U.S. at 389; *Monell*, 436 U.S. at 691. Plaintiff also fails to identify any similar constitutional violations, let alone a pattern of such violations. *Warner*, 2020 WL 5821044 at *3; *Calvo-Pino*, 514 F. Supp. 3d at 1327; *Connick*, 563 U.S. at 62. Without such allegations, Plaintiff cannot establish actual or constructive notice by CoreCivic that its failure to train or supervise its employees at CCCC was substantially certain to result in a constitutional violation or that it consciously or deliberately chose to disregard the risk. *See Waller*, 932 F.3d at 1284.

Instead, Plaintiff's Complaint merely alleges headings stating the name of each claim for Count II and Count III. (Dkt. 1-03 at 4.) Plaintiff completely fails to allege any facts related to either claim. (Id.) And in the absence of one or more identified CCCC staff members who were deliberately indifferent to a substantial risk of serious harm to Plaintiff, one or more identified customs, policies, or practices that caused the violation of Plaintiff's constitutional rights, and a pattern of similar constitutional violations, Plaintiff fails to state claims for failure to train and supervise under the Eighth Amendment. The Court should therefore dismiss these claims against all Defendants.

### III.  Conclusion.

For these reasons, Defendants respectfully request that the Court dismiss all claims against them.

Dated: February 21, 2023   /s/ Jacob B. Lee
Daniel P. Struck, AZ Bar No. 012377
Jacob B. Lee, NM Bar No. 154613
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, AZ 85226
Tel: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
jlee@strucklove.com

Deborah D. Wells
Debra J. Moulton
KENNEDY, MOULTON & WELLS, P.C.
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, New Mexico 87110
Tel.: (505) 884-7887
Fax: (505) 884-7123
ddwells@kmwpc.com
dmoulton@kmwpc.com

*Attorneys for Defendants Cibola County Board of Commissioners, CoreCivic, Inc., and CoreCivic of Tennessee, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Dwight E. Thompson
4601 South Ulster Street, Suite 150
Denver, Colorado 80237
Tel. (575) 751-3043
dwight@dwightthompsonlawoffice.net

*Attorney for Plaintiff*

/s/ Allen Rowley