IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LARRY COLE,

      Plaintiff,

v.                                                  Civ. No. 23-137 GBW/JHR

CIBOLA COUNTY BOARD OF
COUNTY COMMISSIONERS, *et al.*,

      Defendants.

## <u>ORDER GRANTING MOTION TO DISMISS</u>

THIS MATTER comes before the Court on Defendants' Motion to Dismiss. *Doc. 3.* Having reviewed the Motion and the attendant briefing (*docs. 11, 12*), and being fully advised regarding relevant case law, the Court will GRANT the Motion.

### I.    BACKGROUND

Plaintiff filed the operative Complaint for the Recovery of Damages Caused by the Deprivation of Civil Rights in state court on February 22, 2022. *Doc. 1-3.* Defendants removed the case to federal court on February 14, 2023. *Doc. 1.* In his Complaint, Plaintiff alleges that he received inadequate medical care for injuries sustained after two falls while he was incarcerated at the Cibola County Correctional Center (the "facility") between June 2018 and February 2019. *See doc. 1-3* ¶¶ 15-31, 38. In particular, he alleges that, after his falls, he "complained to staff" at the facility about his injuries and pain. *Id.* ¶ 17. In response to his complaints, he "was taken to the medical facilities" at the

facility; diagnosed with "a torn disc in his spine, amongst other injuries"; prescribed Gabapentin, Ibuprofen, and Flexeril; and "advised by the physician in the facility that he may need spine surgery." *Id.* ¶¶ 18, 20-22.  He "continued to complain to the staff and medical providers that he was in pain and injured." *Id.* ¶ 23.  He also alleges that at times he was unable to ambulate or take prescribed medicine due to his injuries. *Id.* ¶¶ 24-26.  After complaining to "staff" at the facility about his inability to ambulate, a physician at the facility recommended that Plaintiff use a wheelchair, but "[s]taff at the facility denied Plaintiff the use of a wheelchair," and the "facility was not wheelchair accessible." *Id.* ¶¶ 27-30.  Finally, Plaintiff alleges that his "requests for outside medical evaluation and treatment as recommended by the physician within the facility were denied." *Id.* ¶ 31.

Based on these allegations, Plaintiff brings three claims against 1) the Cibola County Board of County Commissioners in their individual and official capacities, 2) CoreCivic, Inc. and CoreCivic of Tennessee, LLC (collectively, "CoreCivic"), and 3) at least four unnamed John Doe defendants. *Doc. 1-3* at 1.  In Count I, Plaintiff alleges that the defendants' "medical neglect of Plaintiff" resulted in violations of Plaintiff's Fourth, Sixth, Eighth, and Fourteenth Amendment "right to be free from cruel and unusual punishment." *Id.* ¶ 39.  Counts II and III are captioned "§ 1983 – Failure to Supervise" and "§ 1983 – Failure to Train" but provide no additional allegations or information. *See id.* at 4.

Defendants CoreCivic and Cibola County Board of County Commissioners (hereinafter, "Defendants") filed the instant Motion on February 21, 2023, seeking dismissal of all claims asserted against them.  *Doc. 3* at 1.  Plaintiff filed a response on March 21, 2023.  *See doc. 11.*  The Motion was fully briefed on April 4, 2023, *see doc. 13*, with the filing of the Defendants' reply, *doc. 12*.

## II.   STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  *Leverington v. City of Colorado Springs*, 643 F.3d 719, 723 (10th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  This standard does not require "detailed factual allegations," but it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  When ruling on a 12(b)(6) motion, the court must "assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiffs." *Leverington*, 643 F.3d at 723 (quoting *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)).  However, the court need not accept the truth of any legal conclusions. *Iqbal*, 556 U.S. at 678.

The plausibility standard "does not impose a probability requirement."  *Twombly*, 550 U.S. at 556.  Rather, "a well-pleaded complaint may proceed even if it appears 'that

a recovery is very remote and unlikely.'"  *Id*. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S.

232, 236 (1974)).  The complaint must only be "enough to raise a right to relief above the

speculative level . . . on the assumption that all the allegations in the complaint are true

(even if doubtful in fact)."  *Id*. at 555.  However, "[w]here a complaint pleads facts that

are 'merely consistent with' a defendant's liability, it 'stops short of the line between

possibility and plausibility of 'entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 557).  In other words, the well-pleaded facts must "permit the court

to infer more than the mere possibility of misconduct"; otherwise, the plaintiff has not

shown entitlement to relief.  *Id*. at 679.

### III.   ANALYSIS

#### A.  Plaintiff's Claims Under the Fourth, Sixth, and Fourteenth Amendments

As a preliminary matter, the Court finds that Plaintiff has not pled facts that

would constitute a violation under the Fourth, Sixth, or Fourteenth Amendments.

Plaintiff alleges that he received inadequate medical care which rose to the level of cruel

and unusual punishment while he was incarcerated.  This claim is properly brought

under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976).  There is no

textual basis in either the Fourth or Sixth Amendment for a right to receive proper

medical care while incarcerated, and Plaintiff concedes that his Fourth or Sixth

Amendment claims should be dismissed.  *See doc. 11* at 3.  In addition, because the

Eighth Amendment provides a basis for Plaintiff's claims, Plaintiff's Fourteenth

Amendment claim is duplicative and should also be dismissed.  *Albright v. Oliver*, 510

U.S. 266, 273 (1994) ("Where a particular Amendment 'provides an explicit textual

source of constitutional protection' against a particular sort of government behavior,

'that Amendment, not the more generalized notion of substantive due process, must be

the guide for analyzing these claims.'" (quoting *Graham v. Connor*, 490 U.S. 386, 395

(1989))).  As a result, the Court will dismiss Plaintiff's Fourth, Sixth, and Fourteenth

Amendment claims with prejudice.

### B.  Plaintiff's Remaining Claims Under the Eighth Amendment

Plaintiff's remaining claims against Defendants CoreCivic and the Board of

County Commissioners are Eighth Amendment claims brought under 42 U.S.C. § 1983

for alleged inadequate medical treatment of Plaintiff while he was incarcerated at the

facility.  Defendants argue that all of Plaintiff's claims against them should be dismissed

because Plaintiff fails to plead any underlying violation of Plaintiff's constitutional

rights or any facts regarding a custom, policy, or practice enforced by Defendants that

would give rise to corporate or municipal liability under § 1983.  *Doc. 3* at 10-13.

Plaintiff responds that his complaint "contains a sufficient amount of factual content to

allow the Court to draw the reasonable inference that at least some of the named and

John Doe Defendants are liable for the misconduct alleged."  *Doc. 11* at 4.  The Court

agrees with Defendants.

i.   *Count I*

A plaintiff bringing a § 1983 claim against a municipal or corporate entity must plead sufficient facts to establish two elements: (1) that an employee or agent of the entity committed a constitutional violation, and (2) that a policy or custom of the municipality of corporation "was the moving force behind the constitutional deprivation." *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)); *see also Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (stating that "caselaw from this and other circuits has extended the *Monell* doctrine to private § 1983 defendants).  Plaintiff has failed to plead facts sufficient to show either part of this two-prong test.

To prove a constitutional violation under the Eighth Amendment for a lack of proper medical treatment, a plaintiff must show that a jail employee "act[ed] or fail[ed] to act with deliberate indifference to a substantial risk of serious harm to a prisoner." *Farmer v. Brennan*, 511 U.S. 825, 836 (1970).  A finding of deliberate indifference requires that "both an objective and a subjective component" are met.  *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).  The objective component asks whether the medical need faced by the prisoner was "sufficiently serious" such that it "has been diagnosed by a physician as mandating treatment" or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Id.* (citations omitted).  The subjective prong of the deliberate indifference test requires a showing that the jail

employee was "aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists" and that the employee actually "dr[e]w the

inference" that serious harm would occur.  *Farmer*, 511 U.S. at 837.

Plaintiff's allegations likely satisfy the objective prong of the deliberate

indifference test.  Plaintiff alleges that after two falls, he was taken to the medical

facilities at the jail where he was "diagnosed with a torn disc in his spine, amongst other

injuries," and he was "advised by the physician . . . that he may need spine surgery."

*Doc. 1-3* at ¶ 21-22.  After this diagnosis, he continued to complain about his pain and

inability to walk.  *Id.* ¶ 23-24.  A torn disc spinal injury which has been "diagnosed by a

physician as mandating treatment," is likely "sufficiently serious" to satisfy the

objective prong of the deliberate indifference test.  *Sealock*, 218 F.3d at 1209; *see Lamar v.*

*Boyd*, 508 F. App'x 711, 714 (10th Cir. 2013) (unpublished) (declining to reexamine the

lower court's determination that a slip and fall leading to a back injury met the objective

test).

However, Plaintiff's vague allegations regarding his complaints of pain to "staff,"

*see doc. 1-3* ¶¶ 17, 23, and the resulting denial of medical care do not satisfy the

subjective prong of the deliberate indifference test.  Based on the Complaint, the Court

cannot determine whether the staff members who allegedly denied Plaintiff's medical

care also knew about Plaintiff's complaints of pain or his medical diagnosis.  Even if

staff members did know about Plaintiff's complaints and diagnosis, Plaintiff fails to

plead facts showing that staff recognized Plaintiff's risk as serious and subsequently disregarded that risk.  As a result, Plaintiff has not pled that any jail employee was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the employee actually "dr[e]w the inference" that serious harm would occur.  *Farmer*, 511 U.S. at 837.

In order to meet the second element of the two-prong test for corporate or municipal liability under § 1983, Plaintiff must identify a "policy or custom" of the entity that caused his injury. *See Monell*, 436 U.S. at 694.  The challenged policy or custom may take different forms.  *See Cacioppo v. Town of Vail*, 528 F. App'x 929, 931-32 (10th Cir. 2013) (unpublished).  "A challenged practice may be deemed an official policy or custom for § 1983 municipal-liability purposes if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision."  *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013).  For liability to attach, the plaintiff must demonstrate a "direct causal link between the custom or policy and the violation alleged." *Hollingsworth v. Hill*, 110 F.3d 733, 742 (10th Cir. 1997) (quoting *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996)).

Plaintiff also fails to meet the second element of the two-prong test for corporate or municipal liability because the Complaint fails to identify any policy or custom that was promulgated by either CoreCivic or the Board of County Commissioners and that

led to Plaintiff's injury.  Even if the Court assumes, as it must, that Plaintiff's allegations that "staff" denied Plaintiff various types of medical care are true, *see doc. 1-3* at 4, there is no statement in the Complaint suggesting that any of the "staff" at the facility were taking (or not taking) actions pursuant to a policy or custom enforced by one of Defendants, *see generally doc. 1-3*.  Given that Plaintiff has not pled an underlying constitutional violation and he has not pled the existence of a policy or custom that led to Plaintiff's injury, Plaintiff has failed to state a cognizable § 1983 claim against Defendants, and Count I shall be dismissed.

Finally, the Court advises Plaintiff that should he choose to amend his complaint, Plaintiff will need to describe the John Doe defendants with greater specificity in order to state cognizable claims against these defendants.  Plaintiff has the "burden . . . to provide fair notice of the grounds for the claims made against each of the defendants" such that each individual defendant is able to "ascertain what particular unconstitutional acts they are alleged to have committed."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).  Plaintiff brings claims against the warden, guards, and medical providers of Cibola County Correctional Facility, *doc. 1-3* at 1, but the allegations in the Complaint refer generally to "staff" and "medical providers."  *See id*. ¶ 17, 23, 27, 29.  Based on these broad descriptors for the defendants, it is unclear if "staff" refers to the warden, guards, or medical providers, and it is also unclear which defendant is alleged to have committed which action or inaction.  In fact, some of the

allegations do not reference any Defendant at all.  *Id.* ¶ 31 ("Plaintiff's requests for outside medical evaluation and treatment as recommended by the physician within the facility were denied.").  Unless Plaintiff provides more detail regarding which individuals allegedly committed which acts against Plaintiff, Plaintiff's Complaint will fail to "allege [the] affirmative link between each defendant and the constitutional deprivation" that is necessary for a cognizable § 1983 claim based on individual liability. *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008).

ii.  *Counts II and III*

Plaintiff's Count II and Count III claims for failure to supervise and failure to train shall also be dismissed.  A plaintiff asserting a failure to train or failure to supervise claim must not only establish that the municipal or corporate defendant promulgated a policy or custom that caused the plaintiff's injury and there is a direct causal link between the policy or custom and the injury, but also "demonstrate that the municipal [or corporate] action was taken with 'deliberate indifference' as to its known or obvious consequences."  *Waller v. City and Cnty. of Denver*, 932 F.3d 1277, 1284 (10th Cir. 2019) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 407 (1997)).  As explained above, Plaintiff has not alleged any facts related to a policy or custom that led to Plaintiff's alleged denial of medical care, and he has also not alleged that Defendants failed to train or supervise their employees with deliberate indifference as to the consequences of that failure to train or supervise.  *See generally doc. 1-3.*

IV.   CONCLUSION

Based on the foregoing reasoning, Defendants' Motion to Dismiss Counts I, II, and III of Plaintiff's Complaint (*doc. 1-3*) is GRANTED.  Plaintiff's § 1983 claims for Fourth, Sixth, and Fourteenth Amendment violations are DISMISSED WITH PREJUDICE.  Plaintiff's § 1983 claims against Defendants for violations of his rights under the Eighth Amendment are DISMISSED WITHOUT PREJUDICE.  Plaintiff may file an amended complaint within **thirty (30) days of entry of this Order**.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**

11