**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LARRY COLE,
     Plaintiff,

v.                                                 **Case No. 2:23-cv-00137-GBW-JHR**

CIBOLA COUNTY BOARD OF COUNTY
COMMMMISSIONERS,
in their individual and official capacities,

CIBOLA COUNTY CORRECTIONAL FACILITY,

CORECIVIC, INC.,
a foreign corporation registered in New Mexico,

CORECIVIC OF TENNESSEE, LLC,
a foreign corporation registered in New Mexico,

JOHN DOE MEDICAL SERVICES CORPORATION FOR
CIBOLA COUNTY CORRECTIONAL FACILITY,

CHAD MILLER, WARDEN OF CIBOLA COUNTY
CORRECTIONAL FACILITY,
in his individual and official capacities,

JOHN DOE WARDEN OF CIBOLA COUNTY
CORRECTIONAL FACILITY,
in his individual and official capacities,

JOHN DOE GUARDS OF CIBOLA COUNTY
CORRECTIONAL FACILITY,
in their individual and official capacities, and

JOHN DOE MEDICAL PROVIDERS OF CIBOLA
COUNTY CORRECTIONAL FACILITY,
in their individual and official capacities,

     Defendants.

**FIRST AMENDED COMPLAINT FOR THE RECOVERY OF DAMAGES CAUSED BY THE
DEPRIVATION OF CIVIL RIGHTS**

Plaintiff LARRY COLE ("Plaintiff"), by and through his attorney of record, Dwight Thompson, Esq. hereby brings Plaintiff's First Amended Complaint for violations of Plaintiff's rights under the Eighth Amendment and Fourteenth Amendment of the United States Constitution as protected by 42 U.S.C. §1983 against the named Defendants in their individual and official capacities.  In support thereof, Plaintiff states as follows:

## JURISDICTION AND VENUE

1.  Jurisdiction and venue in this matter is proper.

## PARTIES

2. Plaintiff is a resident of Chaves County.  At all times material to the Complaint, Plaintiff was an inmate at Cibola County Correctional Center in Milan, New Mexico.

3. Defendant Cibola County Board of County Commissioners is a governmental entity of the State of New Mexico.

4. Defendant CoreCivic, Inc. is a foreign corporation registered to do business in New Mexico.

5. Defendant CoreCivic of Tennessee, LLC is a foreign corporation registered to do business in the State of New Mexico.

6. Defendant CoreCivic, Inc. managed and operated Cibola County Correctional Center at all times material to the Complaint.

7. Defendant John Doe Medical Services Corporation provided medical services for the inmates and detainees, including Plaintiff, at the Cibola County Correctional Center at all times material to the Complaint.

8. Defendant Chad Miller was employed as the Warden of Cibola County Correctional Facility at all times material to the complaint.

9. Defendant John Doe Warden was employed as the Warden of Cibola County Correctional Facility at all times material to the Complaint.

10. Defendant John Doe Medical Service Providers were employed as medical service providers at the Cibola County Correctional Facility at all times material to this Complaint.

11. Defendant John Doe Guards were employed as guards at the Cibola County Correctional Facility at all times material to the complaint.

12. Defendant Cibola County Correctional Center is a correctional facility in Cibola County, NM.

13. At all times material to the Complaint, Defendants were acting within the scope of their duties under color of state law.

14. Each Defendant herein is being sued in his or her individual and official capacity.

FACTS COMMON TO ALL COUNTS

15. Plaintiff was a pre-trial detainee at Cibola County Correctional Center between approximately December of 2018 through October of 2019.

16. During his detention, Plaintiff suffered two separate slip and fall injuries, including, but not limited to his back, due to flooding in the facility.

17. Plaintiff believes he suffered his first injury in the early months of 2019.

18. The first injury occurred when Plaintiff slipped on some water on the floor of his cell.

19. Plaintiff's injury to his lower back was serious, but he was still able to walk.

20. Plaintiff submitted complaint forms and medical request forms on a daily basis for several days until finally his requests for medical attention were granted.

21. Plaintiff was initially prescribed Tylenol and Gabapentin for his injuries.

22. Shortly thereafter, around March or April of 2019, Plaintiff slipped again, this time as a result of flooding in the pod, a recurring and known problem to Defendant John Doe Guards, Defendant John Doe Warden, and Defendant Chad Miller.

23. Plaintiff was severely injured as a result of this slip, and he was now no longer able to walk because of the severe pain.

24. Plaintiff was not provided a wheelchair by Defendant John Doe Guards, despite Plaintiff's constant requests, and submission of complaints and requests for medical attention.

25. After Plaintiff's release from jail, Plaintiff was diagnosed with a torn disc in his spine, amongst other injuries.

26. Plaintiff complained to Defendant John Doe Guards and Defendant Jane Doe Medical Services Providers, a therapist, at Cibola County Correctional Center about his pain and other symptoms that resulted from his slip and falls on a daily basis.

27. Plaintiff was unable to move from his bunk as a result of the pain and not being able to walk.

28. Plaintiff was dependent upon the kindness of fellow inmates to take him to the bathroom by carrying Plaintiff in a chair from his bunk to the bathroom.

29. Plaintiff was eventually taken to the medical facilities at Cibola County Correctional Center for an examination via a provided wheelchair.

30. The results of the examination revealed Plaintiff required more complex medical services and diagnostic procedures than the facility was capable of providing, including, but not limited to, an MRI.

31. Plaintiff was told by his treating physician at the jail, Dr. Mary Birdsong, that she had requested that Plaintiff be transported to an outside facility for an MRI, but that the request was denied for financial reasons.

32. Plaintiff was advised by the physician in the facility that he may need spine surgery.

33. Plaintiff was prescribed Gabapentin, Ibuprofen and Flexeril for pain related to his slip and fall injuries.

34. Plaintiff was then returned to his cell and left without a wheelchair.

35. Plaintiff was in severe pain and unable to move from his bunk for basic functions like getting food and going to the bathroom and shower.

36. Plaintiff continued to complain to the staff and medical providers that he was in pain and injured.

37. Plaintiff was at times during his incarceration unable to ambulate.

38. Plaintiff was carried to the restroom, shower, and phones by other inmates.

39. Plaintiff was at times unable to take prescribed medications because he was not ambulatory.

40. Plaintiff complained to Defendant John Doe Guards at Cibola County Correctional Center that he was not able to walk.

41. It was recommended by a physician at the facility that examined and treated Plaintiff that he use a wheelchair.

42. Defendant John Doe Jail Guards, Defendant Chad Miller, and Defendant John Doe Warden at the facility denied Plaintiff the use of a wheelchair.

43. The facility was not wheelchair accessible.

44. Plaintiff's requests for outside medical evaluation and treatment as recommended by the physician within the facility were denied by Defendant Chad Miller, Defendant John Doe Warden, and Defendant John Doe Jail Guards in reckless disregard for Plaintiff's health and safety.

45. It was only after Plaintiff's sister, through repeated calls to the Governor of New Mexico, achieved Plaintiff relief and had the jail provide Defendant with a wheelchair.

46. Plaintiff was threatened with violence by one of the head Defendant Jane Doe Jail Guards as a result of Plaintiff's sister causing the jail to be inspected.

47. Plaintiff was actually physically beat up later that evening by other inmates that he believes were instigated to retaliate against him by Defendant Chad Miller, Defendant John Doe Warden, Defendant John Doe Jail Guards.

48. There were no disciplinary actions against Plaintiff while he was incarcerated.

49. After his incarceration, Plaintiff received medical treatment to include spine injections and there was a recommendation for spine surgery for his injuries from the slip and falls in the facility.

50. Plaintiff was unable to apply for Social Security disability benefits while incarcerated.

51. After his incarceration, Plaintiff applied for and received total Social Security benefits, primarily related to his back injuries that occurred while he was incarcerated.

52. Plaintiff is unable to lift more than 15 pounds, stand for long periods of time, perform other activities of daily living or work.

53. Plaintiff did not have a history of pre-existing back injuries, complaints of pain, or treatment for such prior to his incarceration.

54. Plaintiff has suffered severe medical injuries as a result of medical neglect while being held, detained, and incarcerated at Cibola County Correctional Facility.

55. Plaintiff is currently fully disabled as a result of his lower back injury.

53. Had Plaintiff been provided proper medical care for his injury while he was awaiting trial, Plaintiff's injuries would be much less severe and not affect Plaintiff's quality of life as much as is the case now.

COUNT 1:  §1983 - VIOLATION OF 8TH AND 14TH AMENDMENTS

A.  As against Defendants Core Civic, Inc, Core Civic of Tennessee, LLC,  Cibola County Board of County Commissioners

54.    Plaintiff alleges that his constitutional right to be free from cruel and unusual punishment was violated under the  8th and 14th Amendments by all Defendants Core Civic, Inc, Core Civic of Tennessee, LLC,  Cibola County Board of County Commissioners in various forms of capacity, through their medical neglect of Plaintiff.

55.    Plaintiff alleges that there was a custom or policy or practice in effect that was enforced by said Defendants that directly caused Plaintiff's injuries as a result of medical neglect.

56.    Plaintiff alleges that there was a deliberate policy and practice of understaffing that was embraced by Defendants Defendants Core Civic, Inc, Core Civic of Tennessee, LLC,  Cibola County Board of County Commissioners for monetary reasons.

57. Plaintiff alleges that there was a deliberate policy and practice of providing as little services as possible without regard for the safety or wellbeing of inmates that was embraced by Defendants Defendants Core Civic, Inc, Core Civic of Tennessee, LLC,  Cibola County Board of County Commissioners for monetary reasons.

58.     Plaintiff alleges that this was done by said defendants with deliberate indifference to to the substantial risk that Plaintiff's injuries might require immediate medical attention.

59.     Plaintiff alleges that Defendants Defendants Core Civic, Inc, Core Civic of Tennessee, LLC, Cibola County Board of County Commissioners knew that the consequences of not adequately providing funding for such services would result in constitutional violations but ignored the consequences.

### PRAYER

WHEREFORE, Plaintiff Larry Cole respectfully prays that the Court award the following relief:

A.  Compensatory damages in an as yet undetermined amount, jointly, and severally against all Defendants;

B.  Punitive damages in an amount to be determined at trial;

C.  Reasonable costs and attorneys' fees incurred in bringing this action; and

D.  Such other and further relief as the Court deems just and proper.

Respectfully Submitted,

*/s/ Dwight Thompson*

Dwight Thompson
4601 South Ulster Street, Suite 150
Denver, Colorado 80234
(575) 751-3043 (Telephone)
(575)758-1387 (Facsimile)
dwight@DwightThompsonLawOffice.net
*Attorney for Plaintiff*

CERTIFICATE OF SERVICE

The undersigned hereby attests that the foregoing pleading was file and served electronically upon the following parties of record, on this the 31st day of August, 2023:

**Daniel P Struck**
**Deborah D. Wells**
**Debra J. Moulton**
**Jacob B Lee**
**Courtney T Lacaillade**
*Attorneys for Defendants*


*/s/ Dwight Thompson*

**Dwight Thompson**