IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LARRY COLE,

    Plaintiff,

v.                                                                                       Civ. No. 23-137 GBW/JHR

CIBOLA COUNTY BOARD OF
COUNTY COMMISSIONERS, *et al.*,

    Defendants.

## ORDER GRANTING MOTION TO DISMISS

THIS MATTER comes before the Court on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. *Doc. 17.* Having reviewed the Motion and the attendant briefing (*docs. 19, 21*), and being fully advised regarding relevant case law, the Court will GRANT the Motion.

**I.**     **BACKGROUND**

Plaintiff filed the operative First Amended Complaint for the Recovery of Damages Caused by the Deprivation of Civil Rights on August 31, 2023, *doc. 16*, after the Court dismissed his original Complaint without prejudice for failure to state a claim on August 1, 2023, *doc. 15*. In his First Amended Complaint, Plaintiff alleges that he received inadequate medical care for injuries sustained after two falls that occurred in early 2019 while he was incarcerated at the Cibola County Correctional Center (the "facility"). *See doc. 16* ¶¶ 15-44.

1

Specifically, Plaintiff alleges that, after his falls, he "complained to Defendant John Doe Guards and Defendant Jane Doe Medical Services Providers" at the facility about his injuries and pain. *Doc. 16* ¶ 26. In response to his complaints, Plaintiff "was taken to the medical facilities" at the facility and "advised by the physician in the facility that he may need spine surgery" and other more complex medical and diagnostic procedures than were available at the facility. *Id.* ¶¶ 29-30, 32. In addition, a treating physician at the jail informed Plaintiff that she requested that Plaintiff be transported outside of the prison for an MRI, but this request "was denied for financial reasons." *Id.* ¶ 31. Plaintiff "continued to complain to the staff and medical providers that he was in pain and injured" and that he was unable to walk, but "Plaintiff's requests for outside medical evaluation and treatment . . . were denied by Defendant Chad Miller, Defendant John Doe Warden, and Defendant John Doe Jail Guards." *Id.* ¶¶ 36, 39-40, 44. Although a physician at the facility recommended that Plaintiff use a wheelchair, "Defendant John Doe Jail Guards, Defendant Chad Miller, and Defendant John Doe Warden at the facility denied Plaintiff the use of a wheelchair," and the "facility was not wheelchair accessible." *Id.* ¶¶ 42-43. Plaintiff also alleges that after his sister made calls to the Governor of New Mexico in order to seek better treatment for Plaintiff, Plaintiff was threatened with violence by one of the guards at the facility, and Plaintiff was beaten up by other inmates "that he believes were instigated to retaliate against him by Defendant Chad Miller, Defendant John Doe Warden, [and] Defendant John Doe Jail

2

Guards." *Id*. ¶ 47.  Finally, Plaintiff alleges that Defendants Core Civic, Inc., and Cibola County Board of County Commissioners have a deliberate policy and practice of understaffing the facility and "providing as little services as possible" in order to save money on the operation of the facility.  *Id.* ¶¶ 56-57.

Based on these allegations, Plaintiff brings one count against Defendants CoreCivic, Inc., CoreCivic of Tennessee (collectively, "CoreCivic"), and the Cibola County Board of County Commissioners ("Cibola County") in "various forms of capacity" for violations of Plaintiff's 8th and 14th Amendment rights pursuant to § 1983. *Doc. 16* ¶ 54.  Plaintiff also names various John Doe Defendants, as well as the Cibola County Correctional Facility[1] and Warden Chad Miller[2] in the First Amended Complaint.  *See id.* at 1.

Defendants CoreCivic and Cibola County filed the instant Motion to Dismiss on September 14, 2023, seeking dismissal of all claims asserted against them.  *Doc. 17* at 1-2. Plaintiff filed a response on October 12, 2023.  *See doc. 19*.  The Motion was fully briefed on November 9, 2023, with the filing of the Defendants' reply.  *Doc. 21.*

II. **STANDARD OF REVIEW**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to

---

[1] Plaintiff voluntarily dismissed the Cibola County Correctional Facility on February 2, 2024.  *Doc. 27.*
[2] Plaintiff added Chad Miller as a new defendant in the First Amended Complaint.  *See doc. 21.*  He was served on January 25, 2024, and his answer is due February 15, 2024.  *See doc. 28.*

relief that is plausible on its face.'" *Leverington v. City of Colorado Springs*, 643 F.3d 719, 723 (10th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This standard does not require "detailed factual allegations," but it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a 12(b)(6) motion, the court must "assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiffs." *Leverington*, 643 F.3d at 723 (quoting *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)). However, the court need not accept the truth of any legal conclusions. *Iqbal*, 556 U.S. at 678.

The plausibility standard "does not impose a probability requirement." *Twombly*, 550 U.S. at 556. Rather, "a well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely.'" *Id*. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The complaint must only be "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. However, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). In other words, the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct"; otherwise, the plaintiff has not

4

shown entitlement to relief.  *Id*. at 679.

### III. ANALYSIS

#### A. Plaintiff's Claims Against John Doe Defendants

Plaintiff states in his Response that he "concurs with Defendants' Motion to Dismiss as to all remaining John Doe Defendants."  *Doc. 19* at 2.  As a result, the Court will dismiss all claims with prejudice against John Doe Medical Services Corporation, John Doe Warden of Cibola County Correctional Facility, John Doe Guards of Cibola County Correctional Facility, and John Doe Medical Providers of Cibola County Correctional Facility.

#### B. Plaintiff's Request for the Court to Stay a Decision on the Motion to Dismiss

In his Response, Plaintiff requests that the Court stay any decision on the instant Motion until Defendant Chad Miller is served because Plaintiff needs to prove that an employee of Defendants CoreCivic and Cibola County committed a constitutional violation before he can prove that Defendants CoreCivic and Cibola County are liable under *Monell*.  *Doc. 19* at 2-3.  Although Plaintiff is generally correct about the legal standard for *Monell* liability, the Court is able to determine from the face of the First Amended Complaint whether Plaintiff has alleged that some employee committed an underlying constitutional violation without adjudicating the specific claims against Defendant Chad Miller.  In addition, because the instant Motion is brought only by

5

Defendants CoreCivic and Cibola County, the status of other defendants is irrelevant. Thus, the Court will deny Plaintiff's request to stay the Motion.

### C. Plaintiff's Claims Under the Eighth and Fourteenth Amendments

Plaintiff's claims against Defendants CoreCivic and the Board of County Commissioners are Eighth and Fourteenth Amendment claims brought under 42 U.S.C. § 1983 for alleged inadequate medical treatment of Plaintiff while he was incarcerated at the facility. As the Court previously held, Plaintiff's 8th and 14th Amendment claims are redundant. *See doc. 15* at 4-5. The 8th Amendment protects convicted individuals from inadequate medical care rising to the level of cruel and unusual punishment while the 14th Amendment protects pre-trial detainees from the same. *Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020). Plaintiff now alleges that he was a pre-trial detainee at the time of the alleged events giving rise to this lawsuit. *Doc. 16* ¶ 15. Regardless of Plaintiff's incarceration status, courts "apply the same deliberate indifference standard" to both 8th and 14th Amendment claims alleging improper medical treatment. *Strain*, 977 F.3d at 989. As explained below, Plaintiff cannot meet this standard, so both his 8th and 14th Amendment claims shall be dismissed.

A plaintiff bringing a § 1983 claim against a municipal or corporate entity must plead sufficient facts to establish two elements: (1) that an employee or agent of the entity committed a constitutional violation, and (2) that a policy or custom of the municipality of corporation "was the moving force behind the constitutional

deprivation." *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)); *see also Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (stating that "caselaw from this and other circuits has extended the *Monell* doctrine to private § 1983 defendants."). Plaintiff has failed to plead facts sufficient to show either part of this two-prong test.

To prove a constitutional violation under the Eighth Amendment for a lack of proper medical treatment, a plaintiff must show that a jail employee "act[ed] or fail[ed] to act with deliberate indifference to a substantial risk of serious harm to a prisoner." *Farmer v. Brennan*, 511 U.S. 825, 836 (1970). A finding of deliberate indifference requires that "both an objective and a subjective component" are met. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). The objective component asks whether the medical need faced by the prisoner was "sufficiently serious" such that it "has been diagnosed by a physician as mandating treatment" or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (citations omitted). The subjective prong of the deliberate indifference test requires a showing that the jail employee was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the employee actually "dr[e]w the inference" that serious harm would occur. *Farmer*, 511 U.S. at 837.

Plaintiff's allegations likely satisfy the objective prong of the deliberate indifference test. Plaintiff alleges that after two falls, he experienced "severe pain," and

7

he was taken to medical facilities where he was "advised by the physician . . . that he may need spine surgery" as well as other medical services. *Doc. 16* ¶¶ 23, 29-32. After, he continued to complain about his pain and inability to walk. *Id.* ¶ 25-36. A back injury which has been "diagnosed by a physician as mandating treatment," is likely "sufficiently serious" to satisfy the objective prong of the deliberate indifference test. *Sealock*, 218 F.3d at 1209; *see Lamar v. Boyd*, 508 F. App'x 711, 714 (10th Cir. 2013) (unpublished) (declining to reexamine the lower court's determination that a slip and fall leading to a back injury met the objective test).

However, Plaintiff cannot meet the subjective prong of the deliberate indifference test. For most of his allegations, Plaintiff fails to identify the specific officers or medical personnel who allegedly denied him access to medical care. *See, e.g., doc. 16* ¶ 36, 40 (stating that Plaintiff complained to "staff and medical providers" and "Defendant John Doe Guards"). As a result, the Court cannot determine if there is one or more individual at the facility who acted with deliberate indifference toward Plaintiff – that is, an individual who knew of Plaintiff's complaints and medical issues, recognized the risk of Plaintiff's condition, and then deliberately disregarded that risk. *Farmer*, 511 U.S. at 837. Although Plaintiff identifies two jail officials by name, he fails to plead sufficient facts showing that these individuals acted with deliberate indifference. The first individual, Dr. Mary Birdsong, allegedly requested that Plaintiff be transported to an outside medical facility which is not an example of consciously disregarding a medical

8

risk. *Doc. 16* ¶ 30. The second individual, Warden Chad Miller, allegedly "denied Plaintiff the use of a wheelchair" and denied Plaintiff's "requests for outside medical evaluation and treatment." *Id.* ¶¶ 42, 44. Plaintiff's conclusory allegations provide no evidence that Defendant Miller had any contact with Plaintiff, knew of Plaintiff's condition, or played any part in the decisions regarding Plaintiff's medical care. *See, e.g., Lee v. McKinley Cnty. Adult Detention Ctr.*, 2014 WL 12788056, at *9 (D.N.M. Sep. 9, 2014) (dismissing the complaint with respect to the warden defendant because the complaint "ma[de] no allegations that [the warden] had any contact with [the plaintiff] or made any decisions regarding her medical care, but instead relies on his status as warden to establish liability").

In order to meet the second element of the two-prong test for corporate or municipal liability under § 1983, Plaintiff must identify a "policy or custom" of the entity that caused his injury. *See Monell*, 436 U.S. at 694. The challenged policy or custom may take different forms. *See Cacioppo v. Town of Vail*, 528 F. App'x 929, 931-32 (10th Cir. 2013) (unpublished). "A challenged practice may be deemed an official policy or custom for § 1983 municipal-liability purposes if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013). For liability to attach, the plaintiff must demonstrate a "direct causal link between the custom or policy and the violation

alleged." *Hollingsworth v. Hill*, 110 F.3d 733, 742 (10th Cir. 1997) (quoting *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996)).

Plaintiff also fails to meet the second element of the two-prong test for corporate or municipal liability. Plaintiff alleges that Defendants followed a "deliberate policy and practice of understaffing" and "providing as little services as possible" in order to save money on facility operations. *Doc. 16* ¶¶ 56-57. These allegations are conclusory and do not state a plausible claim for relief. *Sherman v. Klenke*, 653 F. App'x 580, 593 (10th Cir. 2016) (holding that an allegation that a defendant had a custom or policy "to reduce overall expenses and maximize bonuses with each fiscal period" was "wholly conclusory"). Plaintiff provides no evidence that these alleged practices stem from an official policy promulgated by Defendants, a final decision by a municipal policymaker, or deliberately indifferent training or supervision. *See Schneider*, 717 F.3d at 770. In addition, Plaintiff's single example of Defendants' alleged denial of medical care is insufficient to plead that Defendants engage in a widespread practice or pattern of denying medical care. *See id.*; *see also Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993) ("Proof of a single incident of unconstitutional activity is not sufficient to impose [Monell] liability."). As a result, Plaintiff has failed to plead an unconstitutional policy or practice that would support *Monell* liability.

## IV. CONCLUSION

Based on the foregoing reasoning, Defendants' Motion to Dismiss Plaintiff's Amended Complaint is GRANTED.  Plaintiff's claims against Defendants Cibola County Board of County Commissioners, CoreCivic, Inc., CoreCivic of Tennessee, LLC, John Doe Medical Services, John Doe Warden, John Doe Guards, and John Doe Medical Providers are DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**